FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 16 2021

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARLA EDWARDS**                                                                 **PLAINTIFF**

vs.                          No. 4:21-cv-821-KGB

**FEDEX GROUND PACKAGE**                          **DEFENDANT**
**SYSTEM, INC., a Delaware**
**Corporation.**

## ORIGINAL COMPLAINT

COMES now Plaintiff Darla Edwards, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, who for her Original Complaint, states and alleges as follows:

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

### I. JURISDICTION AND VENUE

1. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under 28 U.S.C. § 1331. Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) ("Title VII). 42 U.S.C. §2000 e–5(f)(3) authorizes federal courts to adjudicate civil actions under Title VII.

2. A substantial part of the events or omissions giving rise to Plaintiff's claim occurred at Defendants' facility located at 8 Industrial Parkway, Mabelvale, AR 72103, in Pulaski County. Therefore, venue in the United States District Court, Eastern District of Arkansas, Central Division, is proper under 28 U.S.C. § 1391(b)(2).

### II. PARTIES

3. Plaintiff Darla Edwards ("Edwards" or "Plaintiff"), is an individual over the age of eighteen.

4. Defendant FedEx Ground Package System, Inc. ("FedEx" or "Defendant"), is a corporation incorporated under the laws of Delaware.

### III. FACTUAL ALLEGATIONS

5. FedEx is a Fortune 100 company. It operates in all 50 states delivering packages across interstate lines. It employs approximately 150,000 people.

6. Throughout all the events alleged in this Complaint, Title VII forbade discrimination in employment based on gender.

7. In 2016, FedEx hired Edwards, a female, as a full-time employee in the position of Maintenance Technician III.

8. Dewayne Coats ("Coat") was Plaintiff's supervisor. Throughout the events alleged herein, Coats acted in a managerial capacity for FedEx. Concerning the Maintenance Technicians at the facility on Industrial Parkway, FedEx put him in charge of hiring, firing, suspending, supervising, providing uniforms for, ordering materials for, and recommending for promotion these employees.

9. During her employment at FedEx, Edwards' work performance met FedEx's legitimate expectations and qualified her for promotion.

10. On or about October 5, 2020, FedEx, through Coats, refused to promote Edwards to a Maintenance Technician IV position because of her gender. In doing so, Coats disregarded Edwards' superior qualifications and certifications on the basis of her gender.

11. Coats told Edwards that he would not recommend her for promotion because she took too much sick leave and had attendance issues. Coats' reasons for not promoting Edwards were pretext. Edwards had taken *bona fide* sick leave. FedEx's policy states that employees cannot suffer adverse actions for taking *bona fide* sick leave. Coats was aware that Edwards took *bona fide* sick leave, and he was aware of FedEx's policy, but he refused to promote Edwards on the basis she took *bona fide* sick leave.

12. Edwards performed equal to or better that the male employees that Coats recommended be promoted to Maintenance Technician IV. Coats refused to promote Edwards due to his animus toward Edwards' gender.

13. Coats' animus toward Edward's gender is also shown in how he acted differently toward Edwards than the male employees he supervised. Among other things:

   a. Coats commented to Edwards that women are not a as strong as men and cannot do what men can do.

   b. Coats will not provide Edwards a proper fitting uniform; Edwards used zip ties to keep her pants up. Her shirts are too small. Male employees got proper fitting uniforms.

   c. Coats scheduled Edwards to work nights when he rotated the work schedules of men to work both days and nights.

   d. Coats told Edwards not to eat in a room that the male employees eat in.

   e. Coats ignored Edwards and her diagnoses of electrical problems but deferred to the opinions of less qualified men.

f.     Coats was unreasonably critical of Edwards' work.

g.     Coats refused to provide Edwards materials to complete her work assignments. As a result, Edwards brought her own materials (connectors, extension rings, etc.) to complete the assignments and avoid being disciplined.

14.     Edwards reported Coats' conduct to FedEx's human resources department including his failure to promote Edwards. Edwards is informed and believes and thereon alleges that FedEx took no action against Coats based on her reports.

15.     Because of these reports, Coats retaliated against Edwards in the form of heightened scrutiny of her work, reprimands for breaking selectively enforced policies, yelling at Edwards, and disciplining her more harshly than similarly situated peers.

16.     Edward filed an administrative claim concerning FedEx's and Coats' conduct with the U.S. Equal Employment Opportunity Commission. On June 22, 2021, the EEOC notified Edwards of her right to sue.

## IV.   FIRST CLAIM FOR RELIEF
### (Unlawful Employment Practices – Discrimination under Title VII)

17.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18.     FedEx is an employer under Title VII and 42 U.S.C. § 2000e. At all times alleged herein, it was engaged in an industry affecting commerce, and it had more than 500 employees.

19.     Plaintiff is an employee of FedEx as referred to in Title VII and 42 U.S.C. § 2000e(f).

20. Plaintiff was and is qualified to be promoted to a Maintenance Technician IV. She competently performed as a Maintenance Technician III thereby satisfying FedEx's legitimate expectations.

21. FedEx engaged in unlawful employment practices under Title VII and 42 U.S.C. § 2000e-2(a)(1). FedEx discriminated against Edwards with respect to her compensation, terms, conditions, or privileges of employment on the basis of sex, i.e., her gender. FedEx refused to promote Edwards on the basis of her gender. This affected her compensation and work duties.

22. Plaintiff's gender was a motivating factor in FedEx's refusal to promote Plaintiff.

23. FedEx's conduct has caused Plaintiff damages. Plaintiff has been damaged in the form of lost wages (back pay), benefits and delayed career advancement. Plaintiff has suffered compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses. Plaintiff shall seek an award of such damages.

24. Plaintiff seeks an injunction against FedEx (1) awarding Plaintiff the Maintenance Technician IV position retroactively and deeming her promoted on October 5, 2020, with all the benefits thereof, (2) enjoining future unlawful employment practices by FedEx, including discrimination based on gender at its facility located at 8 Industrial Parkway, Mabelvale, Arkansas 72103.

25. Plaintiff seeks punitive damages. FedEx has acted with malice or with reckless indifference to Edwards' federally protected rights. FedEx knew that Coats

discriminated against Edwards on the basis of gender, but it refused to remedy Coats' conduct.

26. Plaintiff has had to hire an attorney for this case. She seeks an award of attorney's fees under 42 U.S.C. § 2000e-5(k).

## V. SECOND CLAIM FOR RELIEF
### (Unlawful Employment Practices – Harassment under Title VII)

27. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

28. FedEx's supervisory employees with immediate authority over Plaintiff created a hostile working environment based on gender. The environment created had the purpose or effect of unreasonably interfering with Edwards' work performance or creating an intimidating, hostile or offensive working environment.

29. The conduct plaintiff was subjected to was so severe or pervasive as to alter the conditions of her employment and create an abusive working environment. As a result of her gender, Edwards was exposed to disadvantageous terms or conditions of employment to which the male employees were not exposed.

30. FedEx knew or should have known of the harassing conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, in accordance with the Claims pled above, Plaintiff, Darla Edwards, respectfully prays that the Court enter judgment against FedEx for:

A. Actual damages

B. Equitable relief such as front pay

C. Injunctions

D. Punitive damages

E. Trial by jury

F. Costs and attorney's fees

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DARLA EDWARDS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com